**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| RASHAUN BROOKS, ) | |
| ) | CIVIL ACTION NO. 9:08-3620-RBH-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| STATE OF SOUTH CAROLINA; ) | |
| ROBERT M. STEVENSON, III, ) | |
| Warden Broad River Correctional, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by counsel and the petition was filed on October 28, 2008.

The Respondents filed a return and motion for summary judgment on February 27, 2009. After receiving an extension of time to respond, Petitioner filed a reply memorandum on April 16, 2009. This matter is now before the Court for disposition.[1]

**Procedural History**

Petitioner was indicted in February 2001 in Sumter County for murder, armed robbery, assault and battery with intent to kill ("ABIK"), possession of a weapon during the

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



1

commission of a crime of violence, lynching, first degree, and lynching, second degree [Indictment No. 01-GS-43-138]. See Respondents' Exhibit 20. On motion of the Defendant, the trial judge quashed the indictment as to the count of lynching, first degree, and after the State's case was presented the Solicitor withdrew the charge of lynching, second degree. (R.pp. 105-107, 499). After the conclusion of his trial by jury from January 14, 2002 to January 17, 2002, Petitioner was found guilty as charged on the remaining counts. (R.pp. 609-610). The trial judge sentenced Petitioner to thirty (30) years for murder; ten (10) years, consecutive, for armed robbery; five (5) years, consecutive, for ABIK, and five (5) years, concurrent, for possession of a weapon during the commission of a crime of violence. (R.p. 632).

Petitioner timely appealed his convictions and sentences. Petitioner was represented on appeal by William T. Toal, Esquire, and raised the following issues:

> 1. Was Petitioner denied his right to confront witnesses against him when a statement of a co-defendant implicating Petitioner in a contemplated robbery was admitted into evidence?
>
> 2. Was a purported tape recording of a conversation between Petitioner and Leroy Porter properly authenticated?
>
> 3. Was a foundation properly laid for the impeachment of investigator Gardner with a prior inconsistent statement and, if so, did the fact that an assistant solicitor was present mean that the prejudice outweighed the probative value?

See Respondents' Exhibit 3, p. 1.

On October 9, 2003, the South Carolina Court of Appeals denied the petition. State v. Brooks, No. 03-UP-588 (S.C.Ct.App. filed Oct. 9, 2003); see Respondents' Exhibit 5. Petitioner filed a petition for rehearing, which was denied on November 20, 2003. See Respondents' Exhibits 6-7. Petitioner then filed a Petition for Writ of Certiorari in the South Carolina Supreme Court on December 19, 2003, raising the following issue:

2



> Can a person who cannot say whose voice is on a tape and who had no personal knowledge of who was in the room authenticate a tape because he directed that the informant be placed in a cell with defendant?

See Respondents' Exhibit 8, p. 2.

The South Carolina Supreme Court denied the petition on November 17, 2004; see Respondents' Exhibit 10; and the South Carolina Court of Appeals then issued the remittitur on November 19, 2004. See Respondents' Exhibit 11.

On November 22, 2005, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Brooks v. State of South Carolina, No. 2005-CP-4-1274; see Respondents' Exhibit 12. Petitioner raised the following issues in his APCR:

> 1. Denied right to cross-examine my co-defendant whom was the witness;
>
> 2. I was not properly identified as the person to whom Leroy Porter was talking to on a tape admitted into evidence;
>
> 3. Investigator Gardner was sufficiently advised of the context of his prior inconsistent statement to allow evidence of his prior inconsistent statement. The prejudicial effect cited by the trial judge is present only if the Solicitor who was present denied that the conversation took place.

See Respondents' Exhibit 12, pp. 1-4.

The PCR judge issued a conditional order of dismissal dated February 26, 2007, expressing his intent to dismiss the application as untimely, and allowing Petitioner twenty (20) days to show cause why the order should not become final. See Respondents' Exhibit 14. Petitioner filed a reply memorandum dated March 20, 2007. See Respondents' Exhibit 15. On June 4, 2007, the PCR judge issued a final order of dismissal (dated May 25, 2007). See Respondents' Exhibit 16. Petitioner did not file an appeal of the decision in his PCR case. However, Petitioner's direct appeal counsel, Toal, filed a Petition for Writ of Habeas Corpus or Extraordinary Relief dated November

3



15, 2007.² See Respondents' Exhibit 17. On January 9, 2008, the South Carolina Supreme Court denied the petition. See Respondents' Exhibit 19.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following ground:

> **Ground One:** Did the Petitioner's counsel provide ineffective assistance at trial by failing to properly object to testimony that was inadmissible?
>
> **Ground Two**: Did the Petitioner's counsel provide ineffective assistance at trial by failing to challenge the identification of the Petitioner's voice on an incriminating tape recording that was admitted into evidence?
>
> **Ground Three**: Did the Petitioner's counsel provide ineffective assistance at trial by failing to have the prior inconsistent statement of a key witness for the state admitted into evidence?
>
> **Ground Four**: Is the Petitioner entitled to an evidentiary hearing on these claims?

See Petition Memorandum, p. 1.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does

---

²The copy submitted does not reflect the filing date.



not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

**I.**

Respondents contend in their motion, <u>inter alia</u>, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[3] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Since Petitioner did not seek certiorari review from the United States Supreme Court, his state court convictions became final on February 15, 2005 (90 days from November 17, 2004),

---

[3]Antiterrorism and Effective Death Penalty Act of 1996.



the date that the time expired for Petitioner to file a petition of certiorari.[4] See Gildon v. Brown, 384 F.3d 883, 885 (7th Cir. 2004) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). By the time Petitioner then filed his APCR on November 22, 2005, two hundred and seventy-eight (278) days had passed from when his convictions had become final.[5]  However, since this APCR was dismissed because it was untimely, it did not toll the running of the limitations period because it is not deemed to have been a "properly filed" petition. Artuz v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting  Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]].

Accordingly, in order for this federal habeas Petition to have been timely filed, it must have been filed by no later than February 15, 2006. It was not filed until October 28, 2008, well after the expiration of the limitations period. Therefore, absent any exceptions, it is time barred under § 2244(d)(1)(A).

**II.**

Petitioner makes several arguments as to why his petition should be considered on the merits, notwithstanding its untimeliness. Initially, Petitioner argues that his state PCR petition was placed in the mail on the same day that it was dated; that the State should be responsible for any delay in the filing of his petition, and that the state PCR court therefore erred in dismissing his

---

[4]The time runs from the decision itself, not the remittitur. See U.S.Sup.Ct. Rule 13.3.

[5]Petitioner's APCR is dated November 16, 2005. See Respondents' Exhibit 12.



petition as untimely.[6] However, the Respondents correctly point out that South Carolina courts have previously considered and rejected the notion that mailing equates to filing. Gary v. State, 557 S.E.2d 662, 663 (S.C. 2001)["It is clear under South Carolina law that mailing does not constitute filing."]; Pelzer v. State, 662 S.E.2d 618, 620 (S.C.Ct.App. 2008)["Mailing does not constitute filing."]. See also S.C. Code Ann. § 17-27-40 ["A proceeding is commenced by filing an application verified by the applicant with the clerk of court in which the conviction took place."]; Rule 5(e), S.C. Rule Civ. Proc. ["The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court ...."]; Rule 71.1, S.C. Rule Civ. Proc. ["The South Carolina Rules of Civil Procedure shall apply to the extent that they are not inconsistent with the Act."]

Further, although Petitioner argues that the state court was incorrect in its findings, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"]. The Respondents are also correct that alleged infirmities in PCR proceedings do not state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action].

---

[6]The undersigned notes that Petitioner did not make this argument to the PCR court. See Respondents' Exhibit 15. There also does not appear to be a copy of any envelope showing the delivery date to prison officials submitted in the record in this case. Petitioner did raise this issue in his Petition for Extraordinary Relief filed on or about November 15, 2007; see Respondents' Exhibit 17; but this writ was summarily denied by the South Carolina Supreme Court on January 9, 2008. See Respondents' Exhibit 19.



Additionally, even assuming arguendo that Petitioner could have somehow been entitled to tolling during the time his PCR petition was pending, Petitioner still failed to timely file his federal habeas petition after the dismissal of his APCR. Petitioner had approximately three months remaining (if his APCR tolled the limitations period) to file his federal petition when the June 4, 2007 PCR decision was filed denying his petition. However, he did not file his federal habeas petition until October 28, 2008, still well outside his one (1) year limitations period.[7] Further, when Petitioner filed his state habeas petition dated November 15, 2007, his time to file his federal habeas petition would have again already expired even assuming that his earlier PCR action had tolled the time period. See Respondents' Exhibit 17.

Accordingly, Petitioner has failed to show that his petition is timely even under any of these scenarios. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

**III.**

Finally, Petitioner argues that his petition should be subject to equitable tolling. The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling. See Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). However, the Fourth Circuit held in Harris that circumstances will rarely warrant equitable tolling, and that a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230

---

[7]This would be so even allowing the time for Petitioner to have filed a PCR appeal to expire prior to restarting the time clock, as Petitioner waited over one year after the dismissal of his APCR prior to filing this action.



(S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Also, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113).

Here, the record reflects that after the PCR court's decision was filed on June 4, 2007, Petitioner did not file an appeal of the decision. See Respondents' Exhibit 16. Petitioner also did not file his federal habeas petition until over one year later, on October 28, 2008. Rather, on or about November 15, 2007, Petitioner filed a Petition for Writ of Habeas Corpus or Extraordinary Relief. See Respondents' Exhibit 17. Even after the South Carolina Supreme Court denied that petition; see Respondents' Exhibit 19; Petitioner still did not file his federal habeas petition until over nine months later.

Based on this record, the undersigned does not find that Petitioner has met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]. Rather, Petitioner simply failed to timely file this federal petition. Accordingly, Petitioner is not entitled to any equitable relief and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

9



**Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 24, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. 2Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

